IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-HC-2057-FL

| | | |
|---|---|---|
| MICHAEL C. CORPENING, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| TRACY W. JOHNS; FEDERAL BUREAU OF PRISONS; UNIT MANAGER MS. HARRIS; SPECIAL INVESTIGATIVE SERVICES TECHNICIAN D. DENSON; AND TILLEY DITO, | ) ) ) ) ) ) | |
| | ) | |
| Respondents. | ) | |

This matter is before the court on the motion to dismiss, or in the alternative, motion for summary judgment pursuant to Federal Rule of Civil Procedure 56[1] of respondent Tracy Johns ("respondent")[2] (DE # 12), to which petitioner responded. Also before the court are petitioner's motion to compel (DE # 23), two motions to supplement (DE ## 25, 30), motion for judgment on the pleadings (DE # 31), and motion to seek relief pursuant to Federal Rule of Appellate Procedure 23 (DE # 34). Respondent responded to petitioner's motion seeking relief pursuant to Rule 23, but did not respond to his remaining motions. In this posture, the matters are ripe for adjudication. For the following reasons, the court grants respondent's motion for summary judgment. The court also

---

[1] Because respondent attached matters that are outside of the scope of the pleadings, the motion to dismiss will be treated as a motion for summary judgment pursuant to Rule 56.

[2] By order entered May 17, 2011, the court dismissed from this case the Federal Bureau of Prisons, Unit Manager Ms. Harris, SIS Tech. D. Denson, and Tilley Dito. Accordingly, only Warden Tracy Johns remained as respondent.

grants petitioner's motions to supplement, denies his motion for relief pursuant to Rule 23, and denies as moot his remaining motions.

## STATEMENT OF THE CASE

On March 23, 2011, petitioner, a federal inmate, filed this *pro se* habeas petition pursuant to 28 U.S.C. § 2241, challenging his July 26, 2010, disciplinary conviction. Respondent filed a motion for summary judgment on September 26, 2011, arguing that petitioner failed to exhaust his administrative remedies prior to bringing this action. Alternatively, respondent argues that petitioner's disciplinary conviction does not violate his constitutional rights. The matter was fully briefed. Petitioner subsequently filed a motion to compel, two motions to supplement, and a motion for judgment on the pleadings, to which respondent did not respond.

On May 1, 2012, respondent filed a notice stating that petitioner had completed the process for exhausting his administrative remedies. On July 17, 2012, petitioner filed a motion for relief pursuant to Rule 23, which was fully briefed.

## STATEMENT OF FACTS

On June 14, 2010, petitioner, then housed at the Federal Correctional Institution in Butner, North Carolina ("Butner"), was charged with possession, manufacture, and introduction of a hazardous tool. Tilley Aff.[3] ¶ 9 and Attach. 1, p. 1. The incident report stated:

> On Monday, June 14, 2010, at approximately 8:00 am, an investigation was completed on a retrieved Samsung Virgin mobile phone that was found laying on the ground just outside of the outer perimeter fence line of the FCI. The phone was retrieved on Thursday, June 3, 2010 at approximately 8:20 am by Outside Perimeter Patrol Mr. Eatmon. When the phone was retrieved it and

---

[3] Butner Discipline Hearing Officer, Jeff Tilley, submitted an affidavit in support of respondent's motion for summary judgment. Tilley Aff. ¶ 1.

2

> a charger was wrapped in a towel and put into a white tube sock. It appeared that the items were attempting to be introduced over the fence from the FPC Rec. Yard to the FCT Rec. yard.[] Also there was a handwritten note with the phone and it read, "Yo da joint is already on. Hit me Da unlock code is 2189." The phone was locked when I got it, so I used the code on the note and unlocked the phone. I searched the phone's memory to locate any telephone numbers.
>
> The number for the telephone was 917-805-2189 which is out of New York. Also the following numbers were found on the telephone: 919-632-4172 and 828-474-6331. A check of Tru View showed that 919-632-4172 and 828-474-6331 is only on inmate Michael Corpening # 19446-058 telephone account and no other inmates in the Bureau of Prisons use those numbers. Sentry indicated that inmate corpening has a birth place in the state of New York.
>
> The number 919-632-4172 was used to send a text message on Saturday, May 29, 2010 at 2:38pm according to the telephone

Tilley Aff. Attach. 1, p. 5.

Petitioner received a copy of the incident report on June 14, 2010. Id. ¶ 9 and Attach. 1, p. 5. On June 16, 2010, the Unit Discipline Committee reviewed petitioner's incident report, and the Committee referred the charges to Disciplinary Hearing Officer ("DHO") Tilley. Id. ¶ 10. At this time, petitioner stated that he wished to have a staff representative at the hearing, but that he did not wish to call witnesses. Id.

On July 26, 2010, DHO Tilley conducted a disciplinary hearing on petitioner's charges. Id. Attach. 1, pp. 1-3. At the hearing, petitioner denied having any knowledge of the confiscated cellular telephone. Petitioner argued that someone set him up, but he did not call any witnesses or present any evidence on his behalf. Id. Based upon the incident report and investigation, memorandum from the Special Investigative Services technician, memorandum from the officer who found the cellular telephone, photographs of the confiscated material, telephone number center reports, and petitioner's

3

approved telephone list, DHO Tilley found petitioner guilty of the disciplinary offense as charged. Id. DHO Tilley then sanctioned petitioner with the following: (1) disciplinary transfer to a higher security institution; (2) forty-one (41) days disallowance of good-time credit; and (3) eighteen (18) months loss of telephone privileges. Id. ¶ 14. Petitioner subsequently was transferred to the Federal Correctional Institution in Bastrop, Texas, a medium security facility. Id. ¶ 16.

## DISCUSSION

A. Motion to Compel

Petitioner's motion to compel, dated October 1, 2011,[4] asserts that respondent did not serve him with a copy of his motion for summary judgment. On October 11, 2011, respondent filed an amended certificate of service stating that he re-sent petitioner a copy of his motion for summary judgment on October 11, 2011. In his October 17, 2011, motion for an extension of time, petitioner stated that he received his copy of the respondent's motion. Thus, petitioner's motion to compel is DENIED as moot.

B. Motions to Supplement

Petitioner filed two motions to supplement in order to provide additional materials regarding his exhaustion of administrative remedies. For good cause shown, petitioner's motions are GRANTED.

C. Motion Seeking Relief Pursuant to Rule 23

On July 17, 2012, petitioner alleged respondent violated Rule 23(a) by transferring him to another Bureau of Prisons ("BOP") institution outside of this judicial district. This rule, however, only applies when a decision in a habeas corpus proceeding is pending review by an appellate court.

---

[4] This motion was filed on November 3, 2011.

4

See Fed.R.App.P. 23(a). There is no appeal pending in this case. Thus, the court DENIES petitioner's motion.

D.   Motion for Summary Judgment

1.   Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

2.   Analysis

a.   Exhaustion of Administrative Remedies

On May 1, 2012, respondent filed a notice acknowledging that petitioner completed the process for exhausting his administrative remedies on April 23, 2012. Because petitioner has exhausted his remedies for this action, the court proceeds to the merits of his claim.

b.   Disciplinary Conviction

Petitioner challenges his disciplinary conviction that resulted in loss of good-time credit as well as transfer to another institution and loss of telephone privileges. Federal courts grant habeas relief "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws

5

or treaties of the United States." 28 U.S.C. § 2254(a). The Due Process Clause of the Fifth Amendment to the United States Constitution mandates several procedural safeguards before an inmate may be punished for violating prison disciplinary rules with the loss of protected liberty interest, such as earned good-time credit, or with deprivation of property. Wolff v. McDonnell, 418 U.S. 539, 557-58 (1974). These limited due process rights include advance, written notice of the charges, written findings, and a limited right to call witnesses. See id. at 563-64. However, an inmate only is entitled to these procedural protections when the conviction results in the loss of statutory good-time credits or where some other liberty or property interest is at issue. Id. Thus, in this case, petitioner may challenge the loss of his good-time credits, but not his transfer or loss of telephone privileges.

The court now turns to the merits of petitioner's due process claims. As stated, the Supreme Court has mandated certain procedural safeguards when loss of statutory good-time credit is at issue. See Wolff, 418 U.S. at 557. Under the Wolff standard, an inmate is entitled to the following: (1) written notice of the charges at least twenty-four (24) hours in advance of the hearing; (2) a written statement by the fact finders as to the evidence relied on and reasons for disciplinary action; and (3) to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals. Id. at 564-566.

Decisions by a disciplinary board to revoke good-time credit passes scrutiny under the Due Process Clause if there is some evidence in the record to support the conclusions. Superintendent, Massachusetts Correctional Institution, Walpole v. Hill, 472 U.S. 445, 454 (1985). Federal courts will not review the accuracy of the DHO's fact finding *de novo* or for clear error. See Baker v. Lyles, 904 F.2d 925, 932 (4th Cir. 1990). Rather, "the relevant question is whether there is any

6

evidence in the record that could support the conclusion reached by the [DHO]." Id. (quotation omitted).

In his first claim, petitioner alleges that he could not have committed the offense of possession, manufacture, or introduction of a hazardous tool because the "date of incident" listed on the incident report was May 29, 2010, which occurred prior to the date the cellular telephone was found on June 3, 2010. In response, respondent argues that the May 29, 2010 "date of incident" was a clerical error, which later was corrected by Butner staff. In particular, respondent explains that Butner staff initially used the May 29, 2010 date because it was the date the confiscated cellular telephone received a text message from an outside number listed on petitioner's approved telephone number list. Moreover, respondent points out that the incident report provided petitioner with notice of the charged offense because the "description of the incident" stated that the cellular telephone was found on June 3, 2010. Accordingly, petitioner had sufficient notice to enable him to present his defense.[5] Petitioner does not present any evidence to the contrary. Based upon the foregoing, the court finds that petitioner has not established a due process violation, and respondent is entitled to summary judgment for this claim. See Scott v. Zych, No. 7:11-CV-187, 2011 WL 6398022, at *3 (W.D. Va. Dec. 20, 2011) (finding that a minor error in an incident report that does not prevent a petitioner from presenting his defense does not violate due process).

---

[5] In response to respondent's motion for summary judgment, petitioner, for the first time, asserts that his incident report and DHO hearing report reflect two different charges. Petitioner asserts that his incident report charges him with a Code 108 offense for "possession, manufacture, or introduction of a weapon," whereas his DHO hearing report states that petitioner is charged with a Code 108 offense for "possession, manufacture, or introduction of a hazardous tool." The description of the offense is the same in both reports and provided petitioner sufficient notice of the charge. Moreover, petitioner has not demonstrated how he was harmed by the alleged conduct. See Brown v. Braxton, 373 F.3d 501, 508 (4th Cir. 2004) (holding even if hearing officer erred in not calling a witness, the petitioner has not demonstrated that he was harmed). Thus, this minor discrepancy did not constitute a due process violation. See Scott, 2011 WL 6398022, at *3.

7

In his second claim, petitioner challenges the sufficiency of the evidence used to convict him of the disciplinary charge for possession, manufacture, or introduction of a hazardous tool. In addition to the incident report and investigation, DHO Tilley considered the following: "Memorandum from SIS Technician D. Denson; memorandum from Officer J. Eatmon; photograph of cell phone, charger, and note; copy of phone number center reports for inmate Corpening; copy of inmate phone information on inmate Corpening." Tilley Aff. Attach. 1, p. 2. From this evidence, DHO Tilley found that two of the numbers associated with the confiscated cellular telephone were on petitioner's approved telephone list. DHO Tilley noted that the two numbers did not appear on any other inmate's approved telephone list in the entire BOP inmate population. Id. DHO Tilley additionally noted that the cellular telephone's number originated out of New York, which is petitioner's home state. Id. Finally, DHO Tilley noted that the cellular telephone received a text message on May 29, 2010, from a number on petitioner's approved telephone list. Id.

In addition to the above-stated evidence, DHO Tilley considered petitioner's denial of having any knowledge of the cellular telephone, and his claim that he was set up. Id. However, DHO Tilley was not persuaded by petitioner's contention that he was set up, particularly because petitioner did not present any credible evidence to identify that another inmate was responsible for placing his associated telephone numbers in the cellular telephone. Rather, DHO Tilley found that "there was a direct link between the phone numbers and only one inmate, and that inmate was [petitioner]." Id. Based upon the foregoing, the court finds that this evidence satisfies the "some evidence" standard. See, e.g., Hill, 472 U.S. at 454–56; Baker, 904 F.2d at 932.

As for the remaining Wolff requirements, petitioner received advance written notice of the disciplinary charges and he received a written statement by DHO Tilley of the evidence relied on and

the reasons for the disciplinary action. Accordingly, the court rejects petitioner's claim that his due process rights were violated in the disciplinary proceedings. Based upon the foregoing, respondent's motion for summary judgment is GRANTED.

## CONCLUSION

For the foregoing reasons, respondent's motion for summary judgment (DE # 12) is GRANTED. Petitioner's motion to compel (DE # 23) and his motion for judgment on the pleadings (DE # 31) are DENIED as moot. Petitioner's motions to supplement (DE ## 25, 30) are GRANTED. Finally, petitioner's motion for relief pursuant to Rule 23 (DE # 34) is DENIED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 4th day of August, 2012.

LOUISE W. FLANAGAN
United States District Judge

9

Case 5:11-hc-02057-FL   Document 38   Filed 08/06/12   Page 9 of 9